UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

MARC R. JAKAJ,

        Plaintiff,        Case No. 2:12-cv-475

v.        Honorable Gordon J. Quist

TOM COMBES et al.,

        Defendants.
                                        /

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Kinross Correctional Facility. In his *pro se* Complaint, Plaintiff sues the Michigan Department of Corrections (MDOC), MDOC Director Daniel Heyns and the following members of the Michigan Parole Board: Tom Combs[1] (Chairman), Amy Bonito, Barbara Sampson, Sonia Amos-Warchock, Stephen DeBoer, Anthony King, Jayne Price, Charles Brown, Abigail Callejes and Michael Eagen.

Plaintiff is serving a parolable life sentence imposed by the Wayne County Circuit Court on April 21, 1991, after he was convicted of second-degree murder. Plaintiff's Complaint concerns Michigan's parolable lifer statute, MICH. COMP. LAWS § 791.234. Under MICH. COMP. LAWS § 791.234(7)(b), a prisoner sentenced to life imprisonment is subject to parole board jurisdiction and may be placed on parole after having served 20 calendar years. Plaintiff alleges that on December 1, 2011, the parole board took a "no interest" position in paroling Plaintiff despite his rehabilitative efforts, good conduct, achievements while incarcerated, and community support.

Plaintiff first claims that MICH. COMP. LAWS § 791.234 is "unconstitutionally vague" in violation the Fourteenth Amendment because the parole board's current "life means life" interpretation of the statute differs from the sentencing judge's interpretation of the statute in 1991. Second, Plaintiff claims that the statute violates his Fourteenth Amendment equal protection rights because parolable lifers are not entitled to an interview or written explanation of the parole board's decision after the tenth-year interview, while similarly situated prisoners with long determinate sentences may not be denied parole without an interview and written explanation for the denial of parole. Third, Plaintiff contends that the parole board violated his Fourteenth Amendment due

---

[1] Named in the Complaint as Tom Combes.

process rights by relying on erroneous, inaccurate, and false information in making its "no interest" decision.

Plaintiff seeks declaratory and injunctive relief.

**Discussion**

I. Immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss Plaintiff's claims against the MDOC.

II. Failure to state a claim

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that § 1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Plaintiff does not directly seek release from prison; rather, he requests an injunction preventing Defendants from violating his federal rights in future parole proceedings. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. *See Wilkinson*, 544 U.S. at 82. For purposes of this Opinion, the Court will assume that Plaintiff's action is cognizable under § 1983.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff first claims that Michigan's parolable lifer statute is "unconstitutionally vague" because the parole board's current "life means life" interpretation of the statute differs from

the sentencing judge's interpretation of the statute when Plaintiff was sentenced in 1991. According to Plaintiff, the trial court intended for Plaintiff to have an opportunity to be considered for parole. Plaintiff's argument is flawed. He does not argue that the actual language of the current statute is vague or unclear. Rather, Plaintiff contends that the parole board has changed the parole scheme in Michigan such that prisoners with parolable life sentences are less likely to be released on parole. Plaintiff's argument is more akin to an alleged ex post facto violation. The Ex Post Facto Clause ensures "'that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed.'" *United States v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995) (quoting *Weaver v. Graham*, 450 U.S. 24, 28–29 (1981)). An ex post facto violation includes two elements: "(1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *Id.* (citing *Miller v. Florida*, 482 U.S. 423, 430 (1987)). In *Foster v. Booker*, 595 F.3d 353, 361-67 (6th Cir. 2010), the Sixth Circuit held that the plaintiffs, inmates sentenced to life imprisonment with the possibility of parole, failed to make out an ex post facto claim based on statutory changes to Michigan's parole regime. Consequently, Plaintiff's ex post facto argument must fail.

Plaintiff also claims that the statute violates his Fourteenth Amendment equal protection rights because parolable lifers are not entitled to an interview or written explanation of the parole board's decision after the tenth-year interview, while similarly situated prisoners with long determinate sentences may not be denied parole without an interview and written explanation for the denial of parole.

The Equal Protection Clause of the United States Constitution provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal

protection of the laws." U.S. Const. amend XIV, § 1. The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). Plaintiff's allegations implicate the third type of equal protection claim, alleging that prisoners sentenced to parolable life terms are treated differently than similarly situated prisoners sentenced to long determinate sentences. Plaintiff's claim must fail, however, because prisoners sentenced to a parolable life term are not "similarly situated" to prisoners who are sentenced to long determinative terms of incarceration. By definition, a prisoner with a determinative sentence has a defined length of incarceration with a release date, while a prisoner with a parolable life sentence does not. Therefore, differences in treatment between those groups does not violate the Equal Protection Clause.

Finally, Plaintiff contends that his due process rights were violated because the parole board relied upon erroneous, inaccurate, and false information contained in the Pre-Sentence Investigation Reports prepared in his case. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole

system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent, published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Without a liberty interest in parole, Plaintiff cannot show that the alleged erroneous, inaccurate, and false information was relied upon to a constitutionally significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the

information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (In order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree.); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation from having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Because the discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained," *Greenholtz*, 442 U.S. at 11, the Michigan Parole Board's failure or refusal to consider Plaintiff for parole implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim against the parole board for a violation of his procedural due process rights.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 1, 2013                         /s/ Gordon J. Quist
                                             Gordon J. Quist
                                             United States District Judge